IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **BARBARA McRAE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **7:04-CV-91 (HL)** |
| **MASTER CRAFT ENGINEERING,** : | |
| **INC., MASTER CRAFT INDUSTRIAL** : | |
| **EQUIPMENT CORPORATION and** : | |
| **MASTER CRAFT, LLC,** : | |
| : | |
| **Defendants.** | |

## ORDER

The parties in the above styled case filed a Joint Motion for Approval of Settlement (Doc. 29)[1] asking the Court to approve the settlement reached in the case. After the Court questioned why the parties were seeking court-approval of the settlement, the parties filed a Joint Request for Determination (Doc. 28), which asks the Court to determine whether 29 C.F.R. § 825.220(d) requires court approval to settle claims under the Family and Medical Leave Act (FMLA). Specifically, the parties request the Court to determine whether the settlement reached by both parties in the present lawsuit, which includes a FMLA claim, must be approved by the Court.

---

[1] The parties initially filed the Joint Motion for Approval of Settlement (Doc. 26) on October 18, 2005 prior to the filing of the Joint Request for Determination. Because there was a technical error in the filing of the original Motion for Approval of Settlement, the parties re-filed the Joint Motion for Approval of Settlement (Doc. 29).

The regulation provides, in relevant part, that "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. § 825.220(d) (2005). There is nothing in the plain language of the regulation that suggests that a court must approve the settlement of a civil action, which happens to involve a FMLA claim. The regulation uses the term "waive"; however, the term is not defined in the regulation. The term is defined in Black's as "[t]o abandon, renounce, or surrender (a claim, privilege, right, etc.)." BLACK'S LAW DICTIONARY 1574 (7th ed. 1999). Therefore, according to 29 CFR § 825.220(d) employees cannot abandon, renounce, or surrender any claims, privileges, or rights that he or she may have under the FMLA.

Here, Plaintiff has not abandoned, renounced, or surrendered her rights under the FMLA. Rather, Plaintiff has enforced her rights by filing a federal cause of action seeking compensation for the allegedly illegal conduct of defendants. By agreeing to settle, Plaintiff is not waiving her claim; she is receiving compensation for it. Thus, 29 C.F.R. § 825.220(d) does not prevent Plaintiff from settling her lawsuit and does not require this Court to approve said settlement.

In their motion, the parties point out a conflict between the Fourth and Fifth Circuit as to whether the FMLA prohibits post-dispute waivers. Compare Faris v. Williams WPC-I, Inc., 332 F.3d 316, 318 (5th Cir. 2003) (holding 29 C.F.R. § 825.220(d) did not apply to post-dispute waiver of rights); with Taylor v. Progress Energy, Inc., 415 F.3d 364, 367 (4th

Cir. 2005) ( holding 29 C.F.R. § 825.220(d) clearly applied to post-dispute waiver of rights). Neither case cited is applicable here as both cases involve the waiver of FMLA rights as part of a severance package, prior to the commencement of any legal action. The conflict between Faris and Taylor turned on whether the FMLA prohibited post-dispute waivers, while here the proposed settlement is not merely post-dispute. The settlement in the present case was only reached after Plaintiff properly enforced any rights she had under the FMLA by filing her suit and Defendants agreed to compensate Plaintiff for any injury she allegedly sustained as a result of their illegal conduct.

In conclusion, for the reasons set forth above, the Joint Motion for Approval of Settlement is denied and the settlement reached by the parties in the present case does not need to be approved by the Court.

**SO ORDERED**, this the 3rd day of November, 2005.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs